COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


EXPOSAIC INDUSTRIES, INC. AND
 ROYAL INSURANCE COMPANY OF AMERICA
                                    MEMORANDUM OPINION*
v.    Record No. 1402-01-4              PER CURIAM
                                      OCTOBER 9, 2001
SHERMAN ROY WASHINGTON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Heather K. Bardot; Trichilo, Bancroft,
             McGavin, Horvath & Judkins, P.C., on brief),
             for appellants.

             (James F. Green; Ashcraft & Gerel, LLP, on
             brief), for appellee.


     Exposaic Industries, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that it failed to prove

that Sherman Washington was released to perform the duties of

his pre-injury work as of May 15, 2000.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Before the commission and on appeal, employer relied upon the opinion of Dr. Andre Eglevsky, who examined claimant on one occasion and reviewed the results of an MRI of claimant's shoulder. On May 15, 2000, Dr. Eglevsky opined that there was no recurrent tear of claimant's rotator cuff and there was no reason why he could not return to his pre-injury work. No evidence indicated that Dr. Eglevsky was aware of the duties required in claimant's pre-injury work.

On the other hand, claimant's treating physician, Dr. John Moss, who treated claimant since the December 23, 1998 industrial accident and who performed surgery on claimant's shoulder, placed restrictions upon claimant limiting his lifting, reaching, and working for more than six hours per day.

-

Dr. Moss noted that claimant had not achieved full range of motion and claimant's subjective complaints of pain continued to limit him.

Claimant testified that his pre-injury work involved finishing cement. He and a co-worker were required to load a two-hundred pound finishing machine. He was required to set cement forms, which weighed between forty and fifty pounds each. He was also required to use a cement rake to "pull wet cement," which created a great deal of pressure.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). In its role as fact finder, the commission weighed the medical evidence, accepted claimant's testimony and Dr. Moss's opinion, and rejected Dr. Eglevsky's opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In light of claimant's testimony and Dr. Moss's opinion, we cannot find as a matter of law that employer's evidence sustained its burden of proving that claimant was released to perform all of the duties of his pre-injury work. Accordingly, we affirm the commission's decision.

Affirmed.

-